**Alberto Castro FIERRO; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70468.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Sept. 8, 2008.*

Filed Sept. 12, 2008.

Alberto Castro Fierro, Baldwin Park, CA, pro se.

Carolina Castro, Baldwin Park, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Alberto Castro Fierro and Carolina Castro, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' denial of their motion to reopen as untimely. In the motion to reopen, petitioners sought to apply for protection under the Convention Against Torture ("CAT") following the underlying denial of their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Petitioners filed their motion to reopen outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2). Petitioners contend that their motion to reopen was timely because there is no time limit for a motion to reopen that seeks relief under CAT. Petitioners, however, failed to establish that changed country conditions have occurred in Mexico that are material to their case, and the generalized evidence attached to their motion does not establish a *prima facie* case of eligibility for CAT relief. *See Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005). The BIA, therefore, did not abuse its discretion in denying the motion to reopen as untimely.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.